IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Maritza Dominguez Braswell**

Civil Action No. 25–cv–02138–MDB

T.D.[1],

Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

Defendant.

---

**ORDER**

---

Plaintiff T.D. ("Plaintiff") brings this action pursuant to the Social Security Act, 42 U.S.C. § 405(g), seeking judicial review of a final decision by Defendant Frank Bisignano ("Commissioner"), denying her application for Disability Insurance Benefits. (Doc. No. 1.) Plaintiff has filed an Opening Brief, the Commissioner has responded, and Plaintiff replied. (["Opening Brief"], Doc. No. 10; ["Response"], Doc. No. 11; ["Reply"], Doc. No. 12.) The Commissioner has also filed the Administrative Record. (["AR"], Doc. No. 8.) After carefully analyzing the briefs, the Administrative Record, and relevant law, the Court **AFFIRMS** the Commissioner's final decision.

[1] Pursuant to Local Rule D.C.COLO.LAPR 5.2(b), Plaintiff T.D. is identified by initials only.

## BACKGROUND

Plaintiff was born on July 27, 1966. She was 54 years old on her alleged disability onset date of August 10, 2020. (AR 382, 460.) On October 30, 2020, Plaintiff filed a Title II application for disability insurance benefits, alleging physical and mental impairments for a four-month period between August and December of 2020.[2] (AR 380-81.) The Commissioner denied Plaintiff's claim on May 6, 2021, and denied reconsideration on September 5, 2023. (AR 270-82, 287-92.)

A hearing was held before an administrative law judge ("ALJ") on May 21, 2024. (AR 152-82.) The ALJ heard testimony from Plaintiff and a vocational expert, Ms. Ashley Bryars. (*Id.*) Plaintiff testified that she had difficulty with activities involving handling and fingering. (AR 160-62.) An electromyography ("EMG") test, performed in December 2020, confirmed the existence of reduced nerve conduction consistent with carpal tunnel syndrome. (AR 811-12.) On August 29, 2024, the ALJ issued his decision concluding that Plaintiff is not disabled.

At the first step of the five-step sequence for making determinations,[3] the ALJ found that Plaintiff did not participate in gainful employment during the relevant period. (AR 135.) At step two, the ALJ found that Plaintiff has severe physical impairments, including bilateral carpal

---

[2] The single issue presented by Plaintiff concerns her physical impairment of bilateral carpal tunnel syndrome and physical limitation. (Doc. No. 10 at 2-5.) Accordingly, the Court will not address the ALJ's treatment of Plaintiff's remaining impairments and limitations.

[3] The Social Security Administration uses a five-step sequential process for reviewing disability claims. *See* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). The five-step process requires the ALJ to consider whether a claimant: (1) engaged in substantial gainful activity during the alleged period of disability; (2) had a severe impairment; (3) had a condition which met or equaled the severity of a listed impairment; (4) could return to her past relevant work; and, if not, (5) could perform other work in the national economy. *See* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4); *Williams v. Bowen*, 844 F.2d 748, 750–51 (10th Cir. 1988.) The claimant has the burden of proof through step four; the Social Security Administration has the burden of proof at step five. *Lax* v. Astrue, 489 F.3d 1080, 1084 (10th Cir. 2007).

tunnel syndrome. (*Id.*) However, at step three, the ALJ found that Plaintiff's impairments did not meet or medically equal any of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (AR 137-38.) Thereafter, the ALJ conducted a residual functional capacity ("RFC")[4] assessment, finding that Plaintiff is capable of medium work with various limitations. (AR 138.) At step four, the ALJ determined that Plaintiff did not have any past relevant work. (AR 141.) Finally, at step five, the ALJ concluded that Plaintiff retained the ability to perform other work and, therefore, is not disabled. (AR 142-43.)

The Appeals Council denied review on May 14, 2025. (AR 1-6.) Plaintiff's timely request for judicial review pursuant to 42 U.S.C. § 405(g) followed, and the parties consented to the jurisdiction of a magistrate judge pursuant to 28 U.S.C. § 636(c). (Doc. 1, 7.)

## STANDARD OF REVIEW

In social security disability cases, a court's review is limited to determining whether: (1) substantial evidence supports the Commissioner's decision; and (2) whether the Commissioner's decision comports with relevant legal standards. *Vallejo v. Berryhill*, 849 F.3d 951, 954 (10th Cir. 2017); *see generally* 42 U.S.C. § 405(g). "Substantial evidence is more than a mere scintilla and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Flaherty v. Astrue*, 515 F.3d 1067, 1070 (10th Cir. 2007) (internal citation omitted); *accord Musgrave v. Sullivan*, 966 F.2d 1371, 1374 (10th Cir. 1992) ("Evidence is not substantial if it is overwhelmed by other evidence in the record or constitutes mere conclusion."). Any conflict in the evidence is to be resolved by the ALJ, not the court. *See Rutledge v. Apfel*, 230

---

[4] The RFC "is the most [a claimant] can still do despite [their] limitations." 20 C.F.R. § 404.1545(a)(1). It is "an administrative assessment of the extent to which an individual's medically determinable impairment(s), including any related symptoms, such as pain, may cause physical or mental limitations or restrictions that may affect his or her capacity to do work-related physical and mental activities." SSR 96-8p, 1996 WL 374184, at *2 (July 2, 1996).

F.3d 1172, 1174 (10th Cir. 2000) ("We will not reweigh the evidence."). A finding of "no substantial evidence" is proper only if there is a "conspicuous absence of credible choices" or "no contrary medical evidence." *Trimiar v. Sullivan*, 966 F.2d 1326, 1329 (10th Cir. 1992) (quoting *Hames v. Heckler*, 707 F.2d 162, 164 (5th Cir. 1983)). Further, "if the ALJ failed to apply the correct legal test, there is ground for reversal apart from a lack of substantial evidence." *Thompson v. Sullivan*, 987 F.2d 1482, 1487 (10th Cir. 1993).

**DISCUSSION**

Plaintiff contends the ALJ erred by finding her carpal tunnel syndrome severe at step two, but including no corresponding physical restrictions in the RFC. (Doc. 10 at 4.) Plaintiff reasons that, because a severe impairment is, by definition, one that significantly limits a claimant's ability to perform basic work activities, the step-two finding necessarily implies particular work-related functional limitations. (*Id.*) She argues the ALJ was therefore required to include those limitations (specifically, certain handling or fingering limitations) in the RFC, or explain why they were not warranted. (*Id.*)

In response, Defendant argues that the step-two severity finding and the RFC assessment are distinct inquiries in the five-step process, and a severe impairment does not automatically require specific corresponding RFC limitations. (Doc. 11 at 6-8.) Defendant further argues that in formulating the RFC the ALJ must consider the record as a whole, rather than rely on the step-two finding alone, and here the record supports the ALJ's conclusion. (*Id.* at 9-12)

Generally, at step two, a finding that an impairment is "severe" establishes that the impairment has more than a "minimal effect" on the claimant's ability to perform basic work activities. 20 C.F.R. § 404.1520(c) (An impairment is "severe" if it "significantly limits [a claimant's] physical or mental ability to do basic work activities."); SSR 85-28, 1985 WL 56956,

*3 (clarifying that an impairment "significantly" limits basic work activities when it has more than a minimal effect on the claimant's physical or mental ability to perform the abilities and aptitudes necessary to do most jobs); *Allman v. Colvin*, 813 F.3d 1326, 1330 (10th Cir. 2016) (brackets omitted) (quoting 20 C.F.R. § 404.1520(c)). If a severe impairment is found at step two but the impairment does not meet or equal a listed impairment at step three, the analysis proceeds to an assessment of the claimant's functional restrictions and remaining capacity for sustained work activity. *See* 20 C.F.R. § 404.1520(e) (explaining that if claimant has an impairment that does not meet or equal a listing, the ALJ will assess claimant's RFC to determine disability at steps four and five of the evaluation process). But contrary to Plaintiff's contention, a step-two finding that an impairment is severe *does not* automatically establish a disability or automatically require any particular limitation in the RFC. *Oldham v. Astrue*, 509 F.3d 1254, 1257 (10th Cir. 2007) (affirming district court's ruling that "a finding of severe impairments (which is made at step two) does not require the ALJ to find at step five that the claimant did not have the residual functional capacity to do any work"); *see also Johnson v. Berryhill*, 679 F. App'x 682, 687 (10th Cir. 2017) ("[A] finding that an impairment is severe at step two is not determinative of the claimant's RFC and cannot substitute for a proper step-four analysis.") Instead, the ALJ must assess the nature and extent of the claimant's functional limitations and determine the most the claimant can still do on a regular and continuing basis despite medically determinable impairments. 20 C.F.R. § 404.1545(a)(1)-(3), (b); *Wells v. Colvin*, 727 F.3d 1061, 1074 (10th Cir. 2013) ("In the final phase, the ALJ determines whether the claimant has the ability to meet the job demands found in [steps four and five] despite the mental and/or physical limitations found in [steps two and three].") (citations omitted). In other words, even after a finding of severe impairment, the ALJ must still evaluate the functional

consequences of the severe impairment, and where an RFC is adopted, the ALJ must provide an adequate basis for it.

Here, the ALJ evaluated the functional effects of Plaintiff's impairment and considered the evidence bearing on Plaintiff's physical abilities, including Plaintiff's complaints and the EMG findings. (AR 139.) After considering that evidence, the ALJ explained that "during the short period at issue, there were no exams showing tenderness, decreased grip strength, and positive results on provocative maneuvers," (AR 141) and "some of claimant's own statements strike against the allegations of physical disability." (AR 142.) This approach is consistent with the distinction between the step-two severity inquiry and the RFC assessment. *See Oldham*, 509 F.3d at 1257; *Wells*, 727 F.3d at 1074; C.F.R. § 404.1545(a)(1)-(3), (b).

It is true that the ALJ's RFC discussion concerning Plaintiff's physical limitations was not extensive. The ALJ simply summarized her review, stating Plaintiff's examinations and medical findings did not present limitations attributed to her carpal tunnel and that there are treatments for carpal tunnel. But the law does not require a long, drawn-out narrative on these issues. In *Suttles v. Colvin*, the Tenth Circuit considered a similar set of circumstances where, like here, the ALJ's treatment of impairments in his RFC formulation was brief. 543 F. App'x 824, 825-26 (10th Cir. 2013). There, the ALJ discussed the claimant's non-severe depression and found mild limitations in mental functioning in step two, but did not place a corresponding limitation at step four. *Id.* at 826. Instead, at step four the ALJ only vaguely "discussed evidence relating to depression," and "pointedly omitted any limitation associated with that mental impairment on the RFC." *Id.* The *Suttles* court noted the ALJ "could have been more explicit in tying" the RFC discussion of the claimant's mental limitations to the RFC itself, but it ultimately upheld the ALJ's decision. *Id.*; *see Keyes-Zachary v. Astrue*, 695 F.3d 1156, 1167 (10th Cir.

2012) ("[C]ommon sense, not technical perfection, is our guide."). So too here, the ALJ could have been more explicit in tying the discussion of Plaintiff's limitations to the RFC itself, but there is no error.

Plaintiff's cases are inapposite and do not move this Court. For example, *Wells,* stands for the distinctly different proposition that where an ALJ finds, at step two, that an impairment is non-severe, that finding is not enough to summarily exclude that impairment from the subsequent RFC assessment. 727 F.3d at 1068-71 (remanding where ALJ stated that non-severe mental impairment findings "do not result in further limitations in work-related functions in the [RFC] assessment below" without further consideration of the evidence); *see also Lydon v. Commissioner*, No. 18-cv-01526-MSK, 2019 WL 3812379, at *4 (D. Colo. Aug. 14, 2019) (remanding because "the ALJ's RFC determination was silent as to any mental impairments whatsoever and relates only to physical impairments"). Indeed, rather than support Plaintiff's position, the *Wells* case emphasizes the importance of taking each step in turn. Plaintiff essentially asks this Court to do the opposite: collapse the RFC analysis into the prior step 2 analysis. The Court will not do that. The ALJ was correct in separately analyzing each step and considering the evidence as a whole. Moreover, despite the ALJ's brevity, the Court can follow the reasoning and confirm that the ALJ's analysis was supported by substantial evidence. *See Keyes-Zachary*, 695 F.3d at 1166 ("Where, as here, we can follow the adjudicator's reasoning in conducting our review, and can determine that correct legal standards have been applied, merely technical omissions in the ALJ's reasoning do not dictate reversal."). In short, the Court does not find reversible error.

## CONCLUSION

For the foregoing reasons the court **AFFIRMS** the Commissioner's decision. Judgment shall enter accordingly. The Clerk is directed to close this case.

Dated this 30th day of September, 2026.

**BY THE COURT:**

__________________________
Maritza Dominguez Braswell
United States Magistrate Judge